QUESTIONS: 1. Can a marriage license be issued to a person under the age of 16 who is not pregnant? 2. Can a marriage application be sent to another state to have one of the parties sign and swear to and then be returned to this office for the other party to sign and swear to and, if so, when does the waiting period start?
SUMMARY: Pursuant to s. 741.06, F. S., a marriage license may not be issued to a person under the age of 16 years who is not the parent or expectant parent of a child, with or without the consent of the parents or guardian. A marriage application not signed and sealed by the county court judge or clerk of the circuit court may be sent to another state to have one of the parties sign and swear to it and then returned to your office for the other party to sign and swear to. When a marriage application (not signed and sealed) is not given to the issuing authority fully completed, then the statutory waiting period begins when the issuing authority receives the completed and duly executed application by both parties. AS TO QUESTION 1: Section 741.04, F. S., among other things, provides that no marriage license shall be issued to persons under the age of 21 years without the written consent of the minor's parents or guardian. Section 741.06, F. S., states: The county court judge of any county in the state may, in the exercise of his discretion, issue a license to marry to any male or female under the age of 21 years, upon sworn application of both applicants under oath that they are the parents or expectant parents of a child. The consent of the parents or guardian of such applicants shall not be required for the issuance of a license to marry under the provisions of this section. No license to marry shall be granted to any male under the age of 18 years, nor to any female under the age of 16 years, with or without the consent of their parents except as hereinabove provided. (Emphasis supplied.) Although s. 741.04, F. S., does not provide for a minimum age at which a person may obtain a marriage license with parental or guardian consent, that provision must be construed in light of s. 741.06, F. S., which does have such a provision. State v. Putnam Co. Develop. Auth., 249 So.2d 6 (Fla. 1971). In spite of the fact that both of these provisions use the age of 21 years as the age of majority, the Legislature, by Ch. 73-21, Laws of Florida, removed the disability of nonage for persons 18 years of age and older. In AGO 074-201, I concluded that s. 741.04, F. S., "should be read as requiring consent of parents or guardian, prior to the issuance of a marriage license, only for persons under the age of 18." Also see AGO 073-241. The last sentence of s. 741.06, supra, is clear in forbidding the issuance of a marriage license to a female under the age of 16 years, with or without the consent of the parents, unless she is a parent or expectant parent of a child. The language is plain and unambiguous; thus, there is no necessity for any construction or interpretation of the statute and effect need only be given to the plain meaning of its terms. State v. Egan, 287 So.2d 1 (Fla. 1973). In summary: A male or female over the age of 18 years may be issued a marriage license without the consent of the parents or guardian of such person or persons. A female 16 years or older, but less than 18, may be issued a marriage license only with the written consent of her parents or guardian unless both applicants for the license swear under oath that they are the parents or expectant parents of a child, in which case the consent of the parents or guardian is not required for the issuance of the license to marry. A female under the age of 16 years may be issued a marriage license only upon sworn application of both applicants for the license under oath that they are the parents or expectant parents of a child. Your first question is answered in the negative. AS TO QUESTION 2: Section 741.04, F. S., in pertinent part, provides that no marriage license shall be issued "unless there shall be first presented and filed with [the county court judge or clerk of the circuit court] an affidavit in writing, signed by both parties to the marriage." Section 741.03 provides: It is unlawful for any county court judge or clerk of the circuit court in the state to send out of his office any marriage license signed in blank to be issued upon application to persons not in the office of the county court judge or clerk of the circuit court. (Emphasis supplied.) Section 741.01, F. S., specifies the license shall issue upon application therefor "if there appears to be no impediment to the marriage." See AGO 074-338 concluding that the issuing officer is justified in issuing the license when, upon consideration of the application, there appears to be no impediment to the marriage and that all legal requirements for the issuance have been met. A brief statement of the procedure involved in the application for and issuance of a marriage license would be helpful in understanding the aforementioned statutory provisions. Initially, one or both of the applicants request an application and complete it as required by law. One or both of the applicants return with the completed application, which includes the sworn affidavit required by s. 741.04, F. S. (The application, of course, can be completed by the parties in the clerk's or county court judge's office.) If there appears no impediment to the marriage (see AGO 074-338), then a license is issued after the expiration of 3 days from the application for the license (including the day application is made). Sections 741.01 and 741.04, F. S. (Before issuance of the license, the parties must file the certificate required by ss. 741.051 and 741.052, F. S.; and cf. s. 741.055, F. S.) The application form usually contains the license to be issued by the county court judge or clerk of the circuit court under his hand and seal and the certificate of marriage to be executed by the person solemnizing the marriage within 10 days thereafter. The person performing the marriage ceremony then returns the completed document to the clerk of the circuit court or county court judge from whom the license is issued, s. 741.08, F. S., where a record thereof is kept, as prescribed by s. 741.09, F. S. If a county court judge or clerk of the circuit court were to send out licenses signed and sealed in blank, it would be impossible for him to determine if there was any impediment to the marriage, as required by s. 741.01, F. S., or if the parties were minors (under 18 years of age), as required by s. 741.04, F. S. Section 741.04, F. S., requires that both parties to the marriage present and file with the county court judge or clerk of the circuit court an affidavit in writing, signed by both parties to the marriage, made and subscribed before some person authorized by law to administer an oath, reciting "the true and correct ages of such parties." A license shall not be issued unless both parties are over 18 years of age. (Under certain circumstances not here relevant, a license may be issued to persons under the age of 18 years. See s. 741.06, F. S.) This section merely requires the filing of such an affidavit and does not require an independent investigation on the part of the issuing authority as to the applicants' true ages. Cf. AGO 071-383. Sections 90.01 and 90.011, F. S., provide for the administering of oaths, affidavits, and acknowledgments required or authorized under the laws of Florida, such as those required by s. 741.04, F. S., taken or administered in any other state, territory, or district of the United States or by an authorized officer of the United States Armed Forces. Therefore, a marriage application (not signed and sealed by the county court judge or the clerk of the circuit court) may be mailed to another state by your office or by the other applicant for one of the parties to sign and swear to. By Ch. 74-372, Laws of Florida, the requirement that the license be issued in the county where the woman resides was eliminated. In AGO 075-174, I concluded that residence in the county where the license is to be issued is no longer a requirement for the issuance of a marriage license. (Therein, I also noted that United States citizenship is not a prerequisite to the issuance of a marriage license in Florida.) Section 741.04, F. S., provides in part that "[n]o marriage license shall be issued by any county court judge or clerk of the circuit court in this state after application therefor until after expiration of 3 days, including the day application is made." As a marriage application cannot be completed until both parties have signed it as required by law, the 3-day waiting period does not begin to run until the application is fully and duly executed by both parties and filed with the county court judge or clerk of the circuit court.